UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.  4:10-cv-138

$21,408.00 in U.S. CURRENCY, and $161,010.00 in U.S. CURRENCY,

Defendants.

## ORDER

## I. INTRODUCTION

The United States filed a Verified Complaint for Forfeiture *In Rem* of $21,408 and $161,010 in funds seized during a traffic stop involving Claimant Jason Najdek ("Najdek"). *See* Doc. 1. Najdek has moved to dismiss the Government's Complaint. *See* Doc. 13.[1]

On January 6, 2010, Najdek was travelling from Connecticut to Florida as the passenger in a taxi he had hired through the website Craigslist.org. *See* Doc. 1 ¶¶ 7-8, 23. When the taxi was stopped for speeding, police found $21,408 in Najdek's pockets, which Najdek claimed he won by gambling. *See id.* ¶¶ 7, 10-11.

When a drug dog was deployed to sniff the car, it alerted to the presence of drugs on the car's passenger side. *See id.* ¶ 16. Although Najdek had stated that there was no additional cash in the vehicle, officers found camping bags containing approximately $161,010 in the car's trunk. *See id.* ¶¶ 12, 17-18. Najdek denied knowing that the bags were in the trunk, but the driver of the vehicle told officers they belonged to Najdek. *See id.* ¶¶ 20, 24. Officers then seized the cash. *See id.* ¶ 25.

In its Verified Complaint, the Government alleged that the cash seized from Najdek should be forfeited as money involved in or traceable to drug transactions (21 U.S.C. § 881(a)(6)), or other illegal transactions (18 U.S.C. § 981(a)(1)(A)). *See id.* ¶¶ 2-3. On August 12, 2010, Najdek moved to dismiss the Complaint. *See* Doc. 13.

## II. MOTION TO DISMISS
### A. Applicable Pleading Standard

Complaints in forfeiture actions must satisfy the pleading requirements contained in the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). *See* 18 U.S.C. § 983(a)(3)(A). Here, two Supplemental Rules potentially provide the pleading standards applicable to the Government's Complaint—Supplemental Rule E ("Rule E") and Supplemental Rule G ("Rule G").

Rule E applies to "actions *in rem*." Rule E(1). Under Rule E, complaints must "state the circumstances from which the claim arises with such particularity that the . . . claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Rule E(2)(a).

---

[1] Najdek filed two identical Motions to Dismiss, one addressing each sum of currency that the Government alleges is subject to forfeiture. *See* Docs. 13 and 14. For the sake of clarity, this Order refers only to Document 13, but applies equally to both.

Rule G specifically governs complaints of "forfeiture action[s] *in rem* arising from a federal statute." Rule G(1). Rule G does not require forfeiture complaints to be plead with particularity; instead, they need only contain "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Rule G(2)(f).

In addition, Rule G provides that "[t]o the extent that this rule does not address an issue, Supplemental Rule C and E and the Federal Rules of Civil Procedure also apply." Rule G(1). Although this language suggests that the pleading standard set forth in Rule G displaces the pleading standard in Rule E, courts in the Eleventh Circuit have inconsistently applied these rules.

The Northern District of Georgia recently held that "[c]ourts are to evaluate the sufficiency of a complaint under standards established by [Rule G]." *United States v. 4323 Bellwood Circle, Atlanta, Ga. 30349*, 680 F. Supp. 2d 1370, 1372 (N.D. Ga. 2010). *See also United States v. $22,010.00 in U.S. Funds*, No. 5:09-cv-198, 2010 WL 1050410 at *2 (M.D. Ga. May 18, 2010) ("The pleading requirements are modified in a civil action for forfeiture because the complaint must be made in accordance with [Rule G] for Certain Admiralty or Maritime Claims."); *United States v. $25,511.65 in U.S. Funds*, No. 7:09-cv-130, 2010 WL 3732935 at *3 (M.D. Ga. Sept. 17, 2010) (applying the Rule G standard in evaluating a motion to dismiss); *United States v. Real Property*, No. 3:08-cv-89, 2008 WL 3200271 at *1 (M.D. Fla. Aug. 5, 2008) (same).

Other courts look to both Rule E and Rule G in determining the sufficiency of forfeiture complaints. *See United States v. Assets Described in Attachment A to the Verified Complaint for Forfeiture In Rem*, No. 6:09-cv-1852, 2010 WL 1893327 at *5 (M.D. Fla. May 11, 2010); *United States v. $220,562.00 in U.S. Funds*, No. 5:08-cv-364, 2009 WL 789653 at *1 (M.D. Ga. Mar. 23, 2009); *United States v. $1,370,851.62 in U.S. Currency*, No. 09-cv-21277, 2009 WL 3400510 at *1-2 (S.D. Fla. Oct. 21, 2009); *United States v. $15,740.00 in U.S. Funds*, No. 5:07-cv-375, 2008 WL 2227511 at *1 (M.D. Ga. May 27, 2008).

The practical difference between these two lines of cases, however, is minimal. Although Rule E requires complaints to be plead with sufficient particularity to permit a factual investigation and responsive pleading, courts that apply both Rule E and Rule G do not require that complaints "set forth the alleged illegal activities [that subject seized property to forfeiture] in specific detail." *$220,562.00 in U.S. Funds*, 2009 WL 789653 at *1. Instead, a complaint is plead with sufficient particularity if it states "facts sufficient to support a reasonable belief that the cash was [subject to forfeiture]." *$15,740.00 in U.S. Funds*, 2008 WL 2227511 at *1.

Likewise under Rule G, a complaint must state "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Rule G(2)(f). At trial, the government must prove by a preponderance of the evidence that seized property is forfeitable. *See* 18 U.S.C. § 983(c)(1). Thus, courts applying Rule G require that

complaints state "facts sufficient to support a reasonable belief that the money is subject to forfeiture." *United States v. $22,010.00 in U.S. Funds*, No. 5:09-CV-198, 2010 WL 1050410 at *3 (M.D. Ga. May 18, 2010).

In short, this Circuit's standard for sufficiency of forfeiture complaints is substantively uniform. Whether evaluated under Rule G, or under both Rule E and Rule G, the Government's Complaint must set forth facts that support a reasonable belief that the money seized from Najdek is subject to forfeiture.

### B. Sufficiency of the Government's Pleading

In his Motion to Dismiss, Najdek argues that the Government's Complaint is insufficient because it fails to allege with particularity any predicate illegal conduct that subjects Najdek's cash to forfeiture. Doc. 13 at 3-4. As stated above, a complaint need not set forth illegal activity in detail: "[c]omplaints have been allowed even though they specified no date or location of any purported or intended unlawful dealings, no dollar amounts, and no specific types or quantities of contraband sold." *United States v. $220,562.00 in U.S. Funds*, No. 5:08-cv-364, 2009 WL 789653 at *1 (M.D. Ga. Mar. 23, 2009) (citing *United States v. Two Parcels of Real Property Located in Russell County, Ala.*, 92 F.3d 1123, 1127 (11th Cir. 1996)).

Thus, while the Government's Complaint need not include allegations detailing illegal activity, it must state facts sufficient to support a reasonable belief that forfeiture is appropriate. In making this determination, the Court accepts all allegations in the Complaint as true and construes them in the light most favorable to the Government. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (when deciding a motion to dismiss, courts must "accep[t] the allegations in the complaint as true and contru[e] them in the light most favorable to the plaintiff").

### 1. Cash Subject to Forfeiture for Violation of 21 U.S.C. 881(a)(6)

The Government alleges that Najdek's money is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it was furnished in exchange for a controlled substance, it is traceable to such an exchange, or because it was used or intended to be used to facilitate a violation of the Controlled Substances Act. *See* Doc. 1 ¶ 2. Najdek argues that the Complaint is insufficient because it "fails to allege with any particularity any predicate act or acts which violate the Controlled Substances Act, nor [sic] any connection between the money and any predicate narcotics trafficking." Doc. 13 at 3-4.

In evaluating evidence that allegedly supports forfeiture, courts look to the "totality of the circumstances" and "a common sense view to the realities of normal life." *See United States v. $183,791.00 in U.S. Currency*, No. 09-15239, 2010 WL 3096146 at *2 (11th Cir. Aug. 9, 2010).

The Complaint alleges a number of facts supporting the Government's position that the money seized from Najdek is subject to forfeiture. First, Najdek was travelling one-way from Connecticut to Florida in a taxi he had hired on the internet. *See* Doc. 1 ¶¶ 7-8, 23; *United States v. $144,600.00, in U.S.*

3

*Currency*, 757 F. Supp. 1342, 1346 (M.D. Fla. 1991) (purchase of one-way ticket to Miami favored finding that cash was traceable to drug transactions).

Najdek was travelling southbound on Interstate 95, a known drug corridor. *See* Doc. 1 ¶ 7; *United States v. Robinson*, 272 Fed. App'x 774, 778 (11th Cir. 2008) (stating that "I-95 is a known drug corridor").

In the car's trunk was almost $185,000 in cash stuffed into camping bags. *See* Doc. 1 ¶¶ 17-18; *United States v. $22,991.00, more or less, in U.S. Currency*, 227 F. Supp. 2d 1220, 1232 (S.D. Ala. 2002) ("unusually large amount of cash" transported in vehicle's trunk was "highly probative . . . evidence of a link between this exorbitant amount of cash and illegal drug activity").

Najdek was transporting nearly $185,000 despite having been unemployed for nearly six months. *See* Doc. 1 ¶ 10, 13, 17-18, 24; *United States v. $5,173.00 in U.S. Currency*, No. 1:05-cv-106, 2008 WL 4280369 at *5 (M.D. Ga. 2008) ("the fact that Claimant was riding around with over five thousand dollars ($5,000) in his pocket while unemployed" favored finding link between currency and illegal drugs).

When Najdek's car was stopped and officers found approximately $21,408 in Najdek's pockets, Najdek passed the money off as gambling winnings. *See* Doc. 1 ¶¶ 10-11. Najdek then lied to officers about the presence of further cash in the car and tried to dissuade his driver from allowing a search of the vehicle. *See id.* ¶¶ 12, 15, 17-18, 24; *United States v. U.S. Currency Totaling $101,207.00*, No. CV-101-162, 2007 WL 4106262 at *6 (S.D. Ga. 2007) (false statements to officers were evidence that cash was traceable to illegal activity).

Shortly thereafter, a police dog alerted the presence of drugs on Najdek's side of the car. *See* Doc. 1 ¶¶ 8, 16. A complaint need not plead that drugs were recovered during a traffic stop, nor that the claimant has a prior drug arrest history, to support the reasonable belief that seized cash is forfeitable as traceable to drug transactions. *See, e.g., United States v. $40,000 in U.S. Currency*, No. 1:09-cv-383, 2010 WL 2330353 at *5 (W.D.N.C. 2010) (complaint was sufficient when it plead only that drug dog alerted to claimant's vehicle, scent of marijuana emanated from a bag on the vehicle's back seat, money was discovered in that bag, and claimant lied to officers about the origin of the money).

Viewed together, Najdek's possession of large amounts of cash, despite six-month unemployment, his transport of oddly-packaged cash through a known drug corridor, his attempt to avoid a vehicle search, and his false statements to officers—when combined with the police dog's signal that drugs were present—support a reasonable belief that the seized cash is traceable to a drug transaction. The Complaint therefore sufficiently pleads that the cash seized from Najkek is subject to forfeiture under 21 U.S.C. § 881(a)(6).

### 2. Cash Subject to Forfeiture for Violation of 21 U.S.C. § 981(a)(1)(A)

The Government alleges that Najdek's money is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) as property traceable

to money laundering (18 U.S.C. § 1956), transactions involving property derived from specified unlawful activity (18 U.S.C. § 1957), or an unlawful money transmitting business (18 U.S.C. § 1960). *See* Doc. 1 ¶ 3. The Government has failed to sufficiently plead a basis for liability under any of these statutes.

First, liability under either 18 U.S.C. §§ 1956 or 1957 requires that proceeds be used or attempt to be used in a "financial transaction" or "monetary transaction." *See* 18 U.S.C. § 1956(a), 1957(a). Under section 1956, a "transaction" is defined to include "a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition." 18 U.S.C. § 1956(c)(3). Additionally, section 1956 defines a "financial transaction" as "(A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means, or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree." 18 U.S.C. § 1956(c)(4).

A "monetary transaction" under section 1957 "means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument . . . by, through, or to a financial institution . . . including any transaction that would be a financial transaction under section 1956(c)(4)(B) of this title." 18 U.S.C. § 1957(f)(1).

Here, the Government has not pled even a bare allegation that Najdek had engaged or intended to engage in any transaction, as defined by the statute, to gain or dispose of the money found in his possession. Further, no facts are alleged that suggest such a transaction aside from the large amount of cash in the vehicle. As such, the Complaint does not establish a reasonable belief that he violated either section 1956 or 1957.

In addition, the Government has failed to sufficiently allege that Najdek was engaged in an illegal money transmission business, in violation of 18 U.S.C. § 1960. Section 1960 imposes liability on any person who "knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business." 18 U.S.C. § 1960(a).

As used in section 1960, "unlicensed money transmitting business" means, in relevant part:

> a money transmitting business which affects interstate or foreign commerce in any manner or degree and . . .
>
> (C) . . . involves the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity.

18 U.S.C. § 1960(b)(1). The term "money transmitting" is defined as "transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier." 18 U.S.C. § 1960(b)(2).

5

No facts alleged by the Government in the Complaint support a reasonable belief that Najdek engaged in or intended to engage in the transfer of funds "on behalf of the public." The Government has therefore failed to allege that Najdek's cash subject to forfeiture as proceeds traceable to a violation of 18 U.S.C. § 1960.

## III. CONCLUSION

For the foregoing reasons, Najdek's Motions to Dismiss are *GRANTED IN PART* and *DENIED IN PART*.

*This 10*th day of November 2010.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA